UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF,<br><br>              Plaintiff,<br><br>      v.<br><br>JOSH TEWALT,<br><br>              Defendant. | Case No. 1:18-cv-00264-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DKT. 40)**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DKT. 42)**<br><br>**PLAINTIFF'S MOTION FOR WAIVER OF GENERAL ORDER NO. 342 (DKT. 43)**<br><br>**PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF REDACTED DISCOVERY MATERIAL (DKT. 46)**<br><br>**PLAINTIFF'S MOTION TO ENLARGE SCHEDULING ORDER (DKT. 52)**<br><br>**PLAINTIFF'S MOTION FOR STATUS CONFERENCE AND STATUS REPORT (DKT. 56)** |

Plaintiff, a prisoner in the custody of the Idaho Department of Correction, filed his civil Complaint on June 11, 2018. (Dkt. 1.) On October 19, 2018, United States District Judge David C. Nye issued an Initial Review Order (Dkt. 10) dismissing several of the claims and defendants identified in the Complaint but allowing Plaintiff to proceed against the Director of the Idaho Department of Correction ("IDOC") on his claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.SC. § 2000cc *et seq.*, and Idaho's Free Exercise of Religion Protected Act ("FERPA"), Idaho Code § 73-401 *et seq.* Thereafter, a scheduling

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 1

order was entered (Dkt. 33) and subsequently amended (Dkt. 39).

Plaintiff's surviving claims allege that IDOC's policy of prohibiting open flames indoors substantially burdens the exercise of his religious rights. Judge Nye's Initial Review Order held that "Plaintiff's allegations with respect to the use of candles and incense in the religious services he attends state a plausible claim that the new open-flame policy constitutes a substantial burden on the exercise of his sincerely-held religious beliefs." IRO 15 (Dkt. 10).

Now pending are six ripe motions. Defendant moves, over Plaintiff's opposition, for a protective order to limit the scope of discovery. (Dkt. 40.) Plaintiff moves to amend his Complaint (Dkt. 42) and for leave to file an amended complaint that is longer than typically allowed for pro se prisoner plaintiffs (Dkt. 43). Plaintiff also moves for in camera review of a redacted discovery document, seeking an order requiring Defendant to produce the document at issue. (Dkt. 46.) Plaintiff moves to amend the scheduling order to allow additional time for discovery and filing dispositive motions, because the current case deadlines are implicated by the pending motions. (Dkt. 52.) Finally, Plaintiff moves for a status conference and status report. (Dkt. 56.) Each motion will be considered in turn.

## LEGAL STANDARD

### A. Discovery Protective Orders

Unless the Court orders otherwise, the general scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FRCP 26(b)(1). Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "For good cause to exist, the party seeking protection bears the burden of

showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Moreover, "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." FRCP 26(c)(2).

### B. Motions to Amend

When amendment is timely sought before the deadline imposed by the scheduling order, the court "should freely give leave when justice so requires." FRCP 15(a)(2); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Nonetheless, amendment may properly be denied where the proposed amendment is made in bad faith, would cause undue delay or prejudice, or would be futile. *Sonoma Cty. Ass'n of Ret. Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). A proposed amendment is futile if it would be subject to dismissal or it does not raise a cognizable claim for relief. *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009). The party opposing a proposed amendment based upon futility bears the burden of showing such futility. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## DISCUSSION

### A. Defendant's Motion for Protective Order Is Denied.

Defendant seeks an order forbidding inquiry into any matter that is not specifically related to the issue of whether IDOC's prohibition on open flames for indoor religious activity violates RLUIPA. Defendant wants the Court to prohibit discovery on (1) IDOC's process for amending standard operating procedures and whether those procedures were followed; and (2)

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 3

whether IDOC followed standard operating procedure for new and unusual religious requests related to Plaintiff's request for glass-enclosed candles for Catholic services. Def.'s Mot for Prot. Order 1–2 (Dkt. 40).

Defendant argues that the only issue in the case is whether IDOC violated RLUIPA and FERPA by revising its standard operating procedure on religious activity to clarify that open flames could be used only in outdoor worship activities.[1] Under RLUIPA and FERPA, Plaintiff bears the initial burden to demonstrate a prima facie claim that IDOC's open flame policy is a substantial burden on the exercise of his religious beliefs. *See Warsoldier v. Woodford*, 418 F.3d 989, 994–995 (9th Cir. 2005). If Plaintiff makes such a showing, the burden shifts to IDOC to show that the substantial burden (1) "is in furtherance of a compelling governmental interest"; and (2) "is the least restrictive means of furthering that compelling governmental interest." *Id.*; 42 U.S.C. § 2000cc-1(a)(1).

Defendant contends that "Plaintiff has propounded a significant amount of discovery focused on whether IDOC followed its internal procedures for revising the Religious Activity SOP and how his request for glass enclosed candles was handled." Def.'s Mot. for Prot. Order 5 (Dkt. 40). Defendant argues that these lines of discovery have no probative value to the questions of whether the open flame policy substantially burdens Plaintiff's religious exercise or whether the policy is the least restrictive means to further the governmental interest in safety. Defendant points out that failure to follow an internal procedure does not automatically result in a violation of RLUIPA. Thus, Defendant contends that discovery requests along these lines are not relevant and should therefore not be permitted. He argues that RLUIPA is concerned with

---

[1] Defendant's motion was filed before Plaintiff's motion to amend. At the time of filing, it was fair to characterize the case as presenting this single issue.

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 4

the effect of a government action rather than the background that led to the action.

Defendant additionally contends that such discovery requests "are disproportionate to the needs of the case because they are of minimal or no importance in resolving the issues of the case and any likely benefit is outweighed by the burden they impose on Defendant." *Id.* at 5–6. Defendant does not quantify or otherwise describe the nature or extent of any burden that would be imposed by producing or disclosing the requested discovery.

Plaintiff responds that the policy in question was revised twice within a span of only eight months and that prior to these revisions, IDOC's policy for over 33 years was to allow the use of open flame indoors, including candles and incense. Plf.'s Opp. 7–8 (Dkt. 50). He also contends that the policy was changed because some staff did not like the smell of incense rather than to reduce the risk of a fire.

Here, although Defendant does not argue in terms of the good cause standard called for by Rule 26(c)(1), the Court interprets his motion as contending that there is good cause for a protective order because the requested discovery is not relevant to any claims or defenses in the case. The Court disagrees. While keeping in mind that, as Defendant asserts, RLUIPA is concerned with effects rather than causes, the circumstances leading to alleged effects may nevertheless be relevant to such effects.

Here, the disputed discovery requests relate to IDOC's amendment of, and compliance with, standard operating procedures that implicate the religious practices of prisoners. The Court is satisfied that such context is, or may be, relevant to the governmental interests involved in this case as well as to whether the policies at issue implement the least restrictive means to advance such interests. That is, Plaintiff's discovery requests conceivably could result in the production and disclosure of materials addressing IDOC's deliberations on the governmental interests at

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 5

play and whether IDOC considered less restrictive, alternative, policies.  For this reason, the discovery requests are relevant.  Therefore, there is not good cause[2] for entry of a protective order.  Defendant will be ordered to respond to Plaintiff's disputed discovery requests without further objections based on relevance or disproportionality.

**B. Plaintiff's Motion for Leave to Amend Is Granted in Part and Denied in Part.**

At Docket No. 42, Plaintiff moves to amend his Complaint.  Because the motion was filed before the deadline set in the amended scheduling order, it is timely and is considered under the liberal standard of Rule 15.  Defendant's arguments that amendment would cause undue delay or prejudice are not persuasive.  However, Defendant also argues the motion to amend should be denied due to futility or bad faith.  These arguments will be considered as to each defendant and claim Plaintiff seeks to add by amendment.

Plaintiff's proposed amended complaint (Dkt. 44) identifies six claims and nineteen defendants.  Some of these claims and defendants were dismissed by Judge Nye's prior Initial Review Order, while others are raised or named for the first time here.  Count One, a Due Process claim, names only Defendant Jessie Trujillo, in both his individual and official capacity.  The remaining claims name all nineteen defendants identified in the proposed amended complaint.

Count Two, alleging a violation of the Free Exercise of Religion Clause, and Count Five, alleging a violation of the Equal Protection Clause, mirror claims raised in Plaintiff's original

---

[2] Although Defendant raised the additional issue of proportionality, which is also implicated in the Rule's language regarding the scope of discovery, a detailed analysis is unnecessary to conclude that Defendant has not shown that the discovery sought is disproportional to the needs of the case.  Nor has Defendant adequately described the alleged burden in producing the requested discovery.

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 6

Complaint. Those claims were dismissed in Judge Nye's prior Initial Review Order (Dkt. 10). Judge Nye dismissed both claims on the basis that, under *Turner v. Safley*, 482 U.S. 78 (1987), a restriction on an inmate's religious practice is valid if it is reasonably related to legitimate penological interests and the open flame policy at issue meets this standard.[3] Plaintiff seeks to add new (and some already-dismissed) defendants to these claims, but he does not address Judge Nye's reasoning for dismissing the claims as implausible.

Although Plaintiff does describe a disagreement with the prior rulings in his reply memorandum (Dkt. 49), he conflates the standards for these claims with the standard for RLUIPA claims, *i.e.*, he focuses on whether the new open flame policy is the least restrictive means rather than whether the policy is related to a legitimate penological interest. Absent a plausible challenge to the reasoning articulated in Judge Nye's Initial Review Order, it would be futile to re-raise these claims against any defendants. Accordingly, Plaintiff's motion to amend will be denied as to Counts Two and Five.

Counts One and Four allege new Due Process Clause claims, distinct from Plaintiff's original Complaint. Count One alleges that Defendant Jessie Trujillo violated Plaintiff's constitutional rights by failing to follow the IDOC policy regarding his request for an exception allowing the use of candles and incense indoors. Count Four alleges more generally that each defendant violated his constitutional rights "regarding their actions and non-actions" with respect to the open flame policy.

Defendant argues futility, contending that the claim against Defendant Trujillo is time-

---

[3] With respect to the Equal Protection claim alleged in Plaintiff's original Complaint, the IRO included additional reasoning that Plaintiff's current motion does not address. But because Plaintiff has not addressed the *Turner* reasoning as to either claim, additional analysis is not necessary.

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 7

barred because the most recent factual allegation related to the claim is from May 2017, while the claim was not raised until Plaintiff moved to amend his Complaint in September 2019, more than two years later.  Civil rights claims brought under 42 U.S.C. § 1983, contends Defendant, apply state statute of limitations periods for personal injury actions, which in Idaho is the two-year statute of limitations contained in Idaho Code § 5-219.  Moreover, Defendant argues the Due Process claim does not relate back to the filing of Plaintiff's original Complaint because the claim challenges, for the first time, this IDOC employee's *enforcement* of the open flame policy in 2017 rather than the 2016 *change* to the policy that was the primary focus of Plaintiff's original Complaint.

      The Court is not persuaded.  Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out … in the original pleading."  Defendant Trujillo's enforcement of the open flame policy in 2017 "arose out of the … occurrence" of the policy being changed in 2016.  The change to a policy (which had been in place for some 33 years prior to the two changes in 2016) is sufficiently alleged as a factual predicate throughout the proposed Amended Complaint, including with respect to Count One.

      Defendant also argues that both Due Process claims fail to state a claim because Plaintiff does not have a life, liberty, or property interest in whether IDOC followed its internal policies and, therefore, the Due Process clause is not implicated.  According to Defendant, "[t]here is no constitutional or statutory right to any process for determining whether inmates can have access to requested items for religious use."  Def.'s Opp'n to Plf.'s Mot. for Leave to Amend Compl. 6 (Dkt. 48).  Moreover, even if such a right exists, Defendant argues that it is not "clearly

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 8

established" and thus Plaintiff's proposed Due Process claims would be subject to dismissal on qualified immunity grounds as to all the individual defendants. *Id.*

In its careful review of Plaintiff's proposed amended complaint, its supporting memorandum and reply memorandum, the Court cannot find support for Plaintiff's claim of a protectible interest in IDOC's compliance with its own policies. Stated differently, Plaintiff has not shown a due process interest in IDOC following its own policies; hence, no due process claim is available to him here. To the extent he is instead challenging the alleged infringement of his religious rights on due process grounds, he has likewise not shown a due process interest in pursuing such a claim. Of course, other mechanisms exist – including RLUIPA and FERPA, which Plaintiff has raised – by which he can seek to vindicate his right to practice his religion if it is impermissibly restricted. But, in the absence of a sufficiently alleged protectible interest in either of Plaintiff's Due Process claims, Defendant is correct that allowing such claims to go forward would be futile. Plaintiff's Motion to Amend will be denied as to Counts One and Four.

Counts Three and Six of Plaintiff's Proposed Amended Complaint seek to add, or re-add, additional defendants to his RLUIPA and FERPA claims. In allowing Plaintiff to proceed on his RLUIPA claim, Judge Nye held that "[i]f Plaintiff is successful on his RLUPIA claim, Defendant Atencio—as the Director of the IDOC—will be able to fully enforce any injunctive relief ordered by this Court. Therefore, he is the proper defendant with respect to that claim, and Plaintiff's RLUIPA claims against the other Defendants will be dismissed." IRO 16 (Dkt. 10). Judge Nye likewise held that "Plaintiff's FERPA claims are governed by the same standards as his RLUIPA claims. Because Plaintiff has stated a plausible RLUIPA claim for injunctive relief against Defendant Atencio, he has done the same with respect to his FERPA claim. Plaintiff may proceed on that claim against Defendant Atencio." *Id.* at 17. Judge Nye dismissed all other

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 9

defendants as to Plaintiff's RLUIPA and FERPA claims (and, indeed, as to all other claims – only the RLUIPA and FERPA claims against Defendant Atencio survived). *Id.* at 21.

Plaintiff's Proposed Amended Complaint is substantially longer than his original Complaint. The Proposed Amended Complaint also has fewer claims than the original Complaint, as Plaintiff has not sought to re-introduce his claims of unlawful retaliation. Within the numerous additional allegations in the Proposed Amended Complaint, along with the arguments in his supporting memorandum, Plaintiff attempts to articulate why additional defendants should be subject to his RLUIPA and FERPA claims. *See* Proposed Amended Compl. ¶¶ 8–24 (Dkt. 42-1); Plf.'s Mem. ISO Mot. for Leave to Amend Compl. 4–9 (Dkt. 42-1).

Defendant points out that the newly named defendants – Dodds Hayden, Karen Neill, Josh Tewalt (in his personal capacity), Chad Page, and Amanda Gentry – were not in their present positions at IDOC and were not involved in the events underpinning this lawsuit, so he says amending the Complaint to add them would be futile. Def.'s Opp'n to Plf.'s Mot. for Leave to Amend Compl. 6 (Dkt. 48). As to the previously dismissed defendants, Defendant contends that the Idaho Board of Correction and the Idaho Department of Correction have sovereign immunity from Plaintiff's § 1983 claims so amendment would be futile. Defendant frames the individual defendants Plaintiff seeks to reintroduce as persons who are or were members of IDOC religious activity committees. But, Defendant argues that the allegations raised in Plaintiff's Proposed Amended Complaint were never presented to the religious oversight committees, and it would be futile to allow Plaintiff to raise claims against committee members for a decision on a request that was never before them.

In response, Plaintiff states that a claim brought under RLUIPA "must name as a defendant a government official who can appropriately respond and change policy if injunctive

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 10

relief is ordered." (Dkt. 42-1 at 7, *quoting Epps v. Grannis*, 2013 WL 5348394 at *3 (S.D. Cal. Sept. 23, 2013) (citing *Hartmann v. Cal. Dep't of Corr. and Rehabilitation*, 707 F.3d 1114, 1121 (9th Cir. 2013)). He argues that the Defendant IDOC Director "actually does not change the policy, nor have any involvement in the [policy] revisions as he had relied on staff who work under him without supervision or review to do so." *Id.* He then explains why he believes each individual defendant is a proper party to this lawsuit, based on the responsibility or authority each person holds. *Id.* at 8–9.

> Briefly, Plaintiff's explanations are as follows:
>
> 1. David McClusky, Dodds Hayden, and Karen Niell "are responsible for the implementation of all rules, and procedures, including Standard Operating Procedures";
>
> 2. Josh Tewalt, Director of IDOC, "is responsible for the implementation of all SOP's and delegates that authority to other individuals within the IDOC";
>
> 3. Jeff Zmuda, Chad Page, Jamie Hess-Smith, Mark Kubinski, Brenda Bauges, Shannon Cluney, Amanda Gentry, and Boyd Chikatulah were members of the Religious Activities Review Committee when Plaintiff requested to use candles and incense indoors;
>
> 4. Shannon Cluney, as Deputy Chief of Prisons, "was responsible for providing daily oversight at IDOC's prisons" and has exclusive personal knowledge regarding the changes to the open flame policy;
>
> 5. Amanda Gentry, as current Deputy Chief of Prisons, "can change the policy if [she] so desires";
>
> 6. Jessi Trujillo, who allegedly violated the Standard Operating Procedure requiring him

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 11

      to timely review Plaintiff's request and to refrain from advocating against it; and

7. Tim McKay, Deputy Warden at the Idaho State Correctional Center, who "was one of the individuals responsible for the change" to the open flame policy.

Plaintiff compares this case to *Hogan v. Idaho St. Bd. of Corr.*, 1:16-cv-00422-CWD (D. Idaho May 15, 2018), in which he says

> Judge Dale had determined Hogan had properly named the defendants regarding his RLUIPA claims as genuine issue of facts as they all had authority to execute any possible court-ordered relief…. Judge Dale even went so far as to permit Hogan to sue the ISBC, IDOC, and certain officials and employees of these entities in his RLUIPA case, and need not prove that a named official had personal involvement in the alleged RLUIPA violation….Here, [Plaintiff] has done the very same as Hogan has, and in fact some of the very same named defendants as Hogan had in his case as they held those very same positions when he attempted to seek his court-ordered relief.

*Id.* at 9.

The *Hogan* decision relied upon by Plaintiff is not directly on all fours with this case, in part because *Hogan* involved summary judgment standards and this case involves a motion to amend the complaint – which procedural rules and case law liberally allow unless Defendant shows that such amendment would be "futile." A proposed amendment is futile if it would be subject to dismissal or it does not raise a cognizable claim for relief. *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009). The Court is not able to say as a matter of law on this record that the proposed amendment as it pertains to the additional defendants would be subject to dismissal or does not raise a cognizable claim for relief. Obviously, the Court is also not able to say as a matter of law that the obverse is true. Rather, when measured against the liberal amendment policy applicable to Plaintiff's proposed amendment, the Court concludes that the amendment should be allowed. Its merits, of course, remain to be tested in full.

Separate from the futility argument, Defendant also argues for denial of Plaintiff's

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 12

motion to amend on the grounds that granting it would result in undue delay and prejudice. Defendant contends that "[a]llowing Wolf to resurrect claims that have already been dismissed by this court against previously named defendants without any meaningful new allegations is prejudicial to the individuals Wolf wants to re-sue and to the defense that has been mounted." Def.'s Opp'n to Plf.'s Mot. for Leave to Amend Compl. 7 (Dkt. 48). Defendant further argues "[t]hat Wolf waited so long to attempt to revive the dismissed claims based on information he already [had] not only amplifies the prejudice, it shows undue delay." *Id.*

The Court finds no undue delay or prejudice in Plaintiff's motion. The motion was timely. *See* Dkts. 33, 39. Nor is the Proposed Amended Complaint "without any meaningful new allegations," as Defendant contends. Rather, the pleading provides additional material allegations of fact as to the roles and responsibilities of the various defendants. Of particular note, the original Complaint alleged that "Henry Atencio is the current Director of the IDOC, and is the ultimate decision-maker with authority to approve IDOC policies, including religious policies." Compl. ¶ 54 (Dkt. 3). By contrast, the corresponding paragraph in the Proposed Amended Complaint alleges that

> Josh Tewalt is the current Director of the IDOC. Tewalt is the ultimate decision maker within the IDOC. Tewalt in his current position *has delegated his authority to other individuals* within the IDOC to handle matters concerning SOP and Policy changes and implementations such as the Chief of the Division of prisons, IDOC, concerning Religious Activities as set forth more fully in this complaint…."

Proposed Amended Compl. ¶ 11 (Dkt. 44) (emphasis added). Where the original Complaint may be read to cabin the ultimate decision-making authority with the IDOC Director, the Proposed Amended Complaint alleges that such authority has been delegated to other individuals. Moreover, although Defendant contends some prejudice would arise if Plaintiff were permitted to amend his Complaint, such alleged prejudice lacks definition. Neither is there substantive

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 13

significance here to Defendant's argument that Plaintiff "waited so long to attempt to revive the dismissed claims." As has already been noted, the motion was timely. It will not be denied on undue delay or prejudice grounds.

Finally, Defendant argues that Plaintiff's motion may have been brought in bad faith, in that Plaintiff suggests it would be more convenient to him to pursue discovery against the individuals he wants to name as Defendants if they were participants in this lawsuit rather than third parties to whom he would have to direct subpoenas. Defendant no doubt refers to Plaintiff's Memorandum in support of his motion, in which Plaintiff says

> Here in this case, prior to the District Court reassigning this case to the Magistrate Court Wolf was only permitted to proceed against the IDOC Director. This has placed Wolf at a complete disadvantage in conducting very little meaningful discovery as the IDOC Director was not personally involved in the claims before the Court. It was rather his subordinates who were.
> Yes it's true Wolf could do Requests for Subpoenas on all of the individuals who are not named defendants, but would not be economically sound to do opposed to permitting Wolf to proceed against all named defendants and conduct further discovery upon them in order to prove all 6 claims set forth in the Amended Complaint.

(Dkt. 42-1 at 6.) Plaintiff's Memorandum also argues that he "has now named 21 defendants in this action as he can prove they had some form of involvement in respects to the policy change or violation of his Constitutional Rights or RLUIPA…. Through discovery Wolf has been able to establish these 21 named defendants are properly named, and has attempted to show such when naming them and their involvement or function." *Id.* at 4.

Plaintiff's attempt to name additional defendants is not bad faith. His briefing identifies a good faith basis for naming each defendant as a party, based on his belief (regardless of the correctness of such belief) that each defendant has violated RLUIPA and/or his constitutional rights. If Plaintiff had named certain defendants *only* for the purpose of conducting discovery as to such defendants, a question of bad faith might arise. But because Plaintiff believes he has a

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 14

claim against each defendant he names, his motion and Proposed Amended Complaint are not brought in bad faith and will not be dismissed on that basis.

Thus, applying Rule 15's liberal amendment policy, Plaintiff's Motion for Leave to Amend Complaint will be granted in part. Defendant has shown that amendment would be futile as to Counts One, Two, Four, and Five and the motion will be denied as to those four counts. But Defendant has not shown that amendment would be futile as to Counts Three and Six, thus, Plaintiff's Motion for Leave to Amend Complaint will be granted as to those two counts. The Defendants named in Counts Three and Six of the Proposed Amended Complaint will be added or re-added as parties to this case, as appropriate.

**C. Plaintiff's Motion for Waiver of General Order No. 342 Is Granted.**

General Order No. 342 applies to all pro se prisoner non-habeas civil filings and it requires, among other things, that "[a] complaint or any type of amended complaint may be no more than 20 pages in length." Plaintiff's Proposed Amended Complaint (Dkt. 44) is 40 pages long. Recognizing this, Plaintiff moved for a waiver of General Order No. 342 to allow him to file his longer pleading (Dkt. 43). Defendant did not respond to the motion and is therefore deemed not to oppose it. *See* Local Rule 7.1(e)(1).

In an exercise of its discretion, the Court will grant the motion and allow the filing of Plaintiff's overlength Proposed Amended Complaint.

**D. Plaintiff's Motion for In Camera Review of Redacted Discovery Material Is Granted.**

At Docket No. 46, Plaintiff moves for in-camera review of redacted discovery and production of privileged material. The request relates to an email between two members of the IDOC Religious Activity Committee, one of whom was also a deputy attorney general representing IDOC in addition to being a committee member. Plaintiff contends that the email,

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 15

which involves the subject of open flames, was not disclosed to him in discovery because Defendant's counsel cited the attorney-client privilege and redacted its contents. Plaintiff argues that the email is not privileged because the deputy attorney general wrote the email while acting in the capacity of a committee member and not in the capacity of an attorney advising a client. Attached to Plaintiff's motion, and described in an accompanying declaration, is a letter from Defendant's counsel addressing this issue. In it, Defendant's counsel takes the position that the correspondence is from one committee member "to her legal counsel … seeking advice on how to handle a particular situation with the individual in charge of prison ministry for the Diocese of Boise." The letter also says that the deputy attorney general "was clearly acting in her role as legal advisor" and that the attorney's being "a member of the RARC does not disqualify her as legal counsel for IDOC employees." (Dkt. 46-1.) Plaintiff asks this Court to review the email and decide whether the claim of privilege is proper.

Defendant did not respond to the motion, although he did acknowledge its existence in his opposition (Dkt. 48) to Plaintiff's Motion for Leave to Amend Complaint. The letter Defendant's counsel sent Plaintiff also acknowledges that Defendant had already "filed for a protective order prohibiting discovery on this topic." (Dkt. 46-1.)

Because the Court has denied Defendant's Motion for Protective Order (Dkt. 40) and Defendant did not oppose Plaintiff's Motion for In Camera Review (Dkt. 46), the Court will grant the motion. Within one week of the issuance of this Memorandum Decision and Order, Defendant must either (1) provide the disputed discovery document to the Court for in camera review; or (2) certify to the Court, on the docket, that he has provided an unredacted copy of the email to Plaintiff.

**E. In Light of the Court's Rulings, an Amended Scheduling Order Will Be Issued.**

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 16

In this Memorandum Decision and Order, the Court has denied Defendant's motion for protective order and granted in part Plaintiff's Motion for Leave to Amend Complaint. Accordingly, new case deadlines, including discovery deadlines, will need to be set. The Court will issue an Amended Scheduling Order by separate order. Plaintiff's Motion to Enlarge Scheduling Order (Dkt. 52) and Motion for Status Conference and Status Report (Dkt. 56) are denied as moot. The issues raised in such motions are adequately addressed by this decision and by the forthcoming amended scheduling order.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendant's Motion for Protective Order (Dkt. 40) is **DENIED**. Defendant Tewalt is ordered to respond to Plaintiff's disputed discovery requests without further objections based on relevance or disproportionality.

2. Plaintiff's Motion for Leave to Amend Complaint (Dkt. 42) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Plaintiff's Motion for Leave to Amend Complaint is **GRANTED** as to Count Three and Count Six.

    b. The Clerk of Court is directed to refile Plaintiff's Proposed Amended Complaint (Dkt. 44) as the First Amended Complaint in a new docket entry.

    c. Counts One, Two, Four, and Five of the Proposed/First Amended Complaint are dismissed with prejudice.

    d. Previously dismissed Defendants Idaho State Board of Correction, David McCluskey, Idaho State Department of Correction, Jeff Zmuda, Jamie Hess-Smith, Mark Kubinski, Brenda Bauges, Shannon Cluney, Boyd Chikatulah, Jesse

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 17

      Trujillo, Garrett Coburn, Randy Valley, Keith Yordy, and Tim McKay are re-added as parties to this action.

  e. New Defendants Dodds Hayden, Karen Neill, Chad Page, and Amanda Gentry are added as parties to this action.

  f. Plaintiff's Motion for Leave to Amend Complaint is otherwise **DENIED**.

3. Plaintiff's Motion for Waiver of General Order No. 342 (Dkt. 43) is **GRANTED**.

4. Plaintiff's Motion for In Camera Review of Redacted Discovery (Dkt. 46) is **GRANTED**.  Within one week of the issuance of this Memorandum Decision and Order, Defendant Tewalt must either (1) provide the disputed discovery document to the Court for in camera review; or (2) certify to the Court, on the docket, that he has provided an unredacted copy of the email to Plaintiff.

5. Plaintiff's Motion to Enlarge Scheduling Order (Dkt. 52) is **DENIED AS MOOT**.

6. Plaintiff's Motion for Status Conference and Status Report (Dkt. 56) is **DENIED AS MOOT**.

7. Each Defendant will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days.  If a Defendant chooses to return the Waiver of Service of Summons then his, her, or its answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii).  Accordingly, the Clerk of Court will forward a copy of the First Amended Complaint, a copy of this Order, and a Waiver of Service of Summons to Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of each Defendant added or re-added by this Order.

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 18

8. Should the IDOC determine that any Defendant is not, in fact, its employee or former employee, or that its attorney will not be appearing for a Defendant, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating that service will not be waived as to such Defendant.

9. If Plaintiff receives a notice indicating that service will not be waived for a Defendant, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service address of such Defendant, or Plaintiff's claims may be dismissed without prejudice without further notice.

10. A revised Scheduling Order will be entered separately.

DATED: March 22, 2021

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER RE: PENDING MOTIONS – 19